817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MONTGOMERY WARD & COMPANY, Plaintiff-Appellant,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 86-1384.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1987.
 
 On Appeal from the United States District Court for the Eastern District of Michigan.
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Montgomery Ward argues that it should be an additional insured under the terms of a motor vehicle liability insurance policy issued by Allstate to the Bejin Trucking Company. The district court rejected this claim and we agree.
 
 
 2
 In April 1983, Richard Peace, an employee of Bejin Trucking, was injured when he slipped and fell on cleaning fluid while loading his delivery truck at the Montgomery Ward loading dock. Peace sued Montgomery Ward for negligence and the company settled for $525,000. Montgomery Ward now seeks reimbursement for the settlement and attorney fees and costs from Allstate. It argues that the work on the loading dock, which involves laying out lines and moving supplies for the next day, is a continuation of the work of loading and that, consequently, it is an additional insured under the policy issued to Peace's employer.
 
 
 3
 Under the terms of the policy, coverage would extend to Montgomery Ward only if one of its employees was engaged in moving property to or from a covered vehicle. The only involvement of Montgomery Ward employees was stacking merchandise on the loading dock the night before. The district court correctly concluded that this activity did not bring Montgomery Ward under the protection of the policy.
 
 
 4
 We think the resolution of this issue was well stated in Marathon Oil Co. v. Continental Cas. Co., 543 F. Supp. 1052 (E.D. Mich. 1982) (quoting Halifko v. Cities Service Oil Co., 510 F. Supp. 1131, 1136 (D.N.J.1981) which emphasized the importance of a distinction between premises liability and negligence in loading vehicles.
 
 
 5
 Sound policy considerations weigh strongly against construing an omnibus clause to cover the owner of a loading platform on which a named insured is injured solely due to an unsafe condition on the premises. Such an interpretation would reallocate the ultimate financial risk of the platform owner's negligence to the truck driver's insurance company. This reallocation, in turn, would inevitably result in increased insurance premiums to the motor vehicle operator. As a consequence, the owner of a plant or warehouse at which trucks are unloaded would be freed from a financial incentive to maintain his premises in a safe condition. Truck owners and operators, who exercise little or no control over the premises on which they unload, would be forced to bear the entire financial burden of accidents resulting from platform owners' lack of care.
 
 
 6
 Id. at 1055.
 
 
 7
 The decision of the district court is affirmed.